UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILSON,

    *Plaintiff*,                              CASE NO. 14-CV-12024

v.                                         DISTRICT JUDGE GEORGE CARAM STEEH
                                                MAGISTRATE JUDGE PATRICIA T. MORRIS

ALLEN, *Lt*., HILL, CHAPPELL,
STEWART, *Warden*,
COUNDENY, and PUSCHEE,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On May 20, 2014, Plaintiff Terry Wilson filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. On May 30, 2014, Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without prepayment of fees and ordered the U.S. Marshal to serve the complaint on all six defendants.

On June 2, 2014, the case was referred to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 4.) After screening the *pro se* complaint pursuant to 28

U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*,

451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C. The Complaint

Plaintiff's Complaint alleges that "these persons collectively and separately denied plaintiff certain civil rights, i.e. [inadequate?] health care, access to the law lib[rary], phone, legal materials, copy machine and or copy paper, nutritional balance [?] food, exposed electric wires, infestation of insects, mice, MRSA, black mole [sic], over (1) deaths in three (3) years, due to high blood pressure and diabetes." (Compl., Doc. 1 at 2.) Plaintiff's continued statement of facts lists the Defendants, then lists his medical conditions, and alleges that "[a]ll of the above officers collectively and separately showed a total disregard for Plaintiff's medical issues upon bringing them to their attention." (Doc. 1 at 3.) The only allegation naming any Defendant is that "Warden Stewart's office refuses to allow Plaintiff the access to Notary or any manner to make the appropriate copies for this litigation." (Doc. 1 at 3.)

### D. Discussion

To state a civil rights claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

In this case, I suggest that the complaint is subject to *sua sponte* dismissal because Plaintiff has not alleged that any particular defendant took any particular action. Plaintiff's assertion that the Defendants "collectively and separately" are indifferent to his medical condition fails to state

3

a claim because "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Nor is it sufficient for Plaintiff to allege that Warden Stewart's "office" refused to provide him access to a notary, etc.. To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In other words, a claimed constitutional violation against a supervisor must also be based upon active unconstitutional behavior since there is no vicarious liability under § 1983. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Plaintiff's reference to Defendant Stewart's "office" does not allege that Defendant Warden personally participated in any constitutional deprivation.

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date:  June 23, 2014                               /S PATRICIA T. MORRIS
                                                                    Patricia T. Morris
                                                                    United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system. A hard copy was served by first class mail on Terry Wilson, #145117, Detroit Reentry Center, 17600 Ryan Rd., Detroit, MI, 48212; and in the traditional manner on District Judge Steeh.

Date:  June 23, 2014                     By     s/*Jean L. Broucek*
                                                                       Case Manager to Magistrate Judge Morris